ADVANCEMENT PROJECT and
Marian K. Schneider,
Petitioners

v.

PENNSYLVANIA DEPARTMENT OF
TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 4, 2012.
Decided Jan. 14, 2013.

Marian K. Schneider, Wayne, for petitioners.

Stephen F.J. Martin, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge LEAVITT.

Advancement Project[1] and Marian K. Schneider (collectively, Schneider) petition for review of a final determination of the Office of Open Records (Open Records) denying her appeal of the Department of Transportation's (PennDOT) refusal to provide her information about the photo identification cards and drivers' licenses it has issued over the last four years. Specifically, Schneider sought the name, address, date of birth and social security number of each person issued a driver's license or non-driver photo identification card. She submitted this written request pursuant to the Right-to-Know Law.[2] Schneider claims that Open Records erred in holding that the information she is requesting is exempt from disclosure. Alternatively, Schneider contends that this information can and should be released because she wants to use it for research. We affirm Open Records.

This case began on September 2, 2011, when Schneider submitted her Right-to-Know Law request to PennDOT seeking information about persons with a Pennsylvania driver's license or a Pennsylvania non-driver photo ID, which PennDOT issues to persons over the age of 18 who are not allowed to drive or choose not to. Specifically, Schneider's written request stated as follows:

Records of all individuals 18 years of age or older to whom PennDOT (through the Department of Motor Vehicles) has issued either a new or renewal Pennsylvania driver's license within the past 4 years or other photo ID. I specifically request the following information for each driver's license or photo ID holder: *Full name, complete address, date of birth, social security number or last 4 digits of social security number, date of issue and date of expiration.* In addition, I request the information in reasonably accessible electronic format such as in a format compatible with Microsoft Excel, or comma delimited data or other format compatible with readily available database software. I do not wish to receive these records in paper format.

Reproduced Record at 5a (R.R. ——) (emphasis added). In her brief, Schneider explains that she intends to compare this information to the list of registered voters in the Department of State's Statewide Uniform Registry of Electors (SURE) database. With this comparison, Schneider will be able to calculate the number of non-driver photo ID cards the Commonwealth will have to issue under recent amendments to the Pennsylvania Election Code,[3] commonly known as Pennsylvania's "Voter ID Law," which requires voters to present photo identification in order to cast a ballot. Schneider did not include her reason for requesting the documents in her written request to PennDOT.

On September 23, 2011, PennDOT denied Schneider's request. In its letter, PennDOT proffered several reasons for this denial. First, it cited Section 705 of

---

**1.** Advancement Project describes itself as "a non-profit civil rights organization with a voter protection program in Pennsylvania and nationally recognized expertise in analyzing voter identification laws." Petitioner's Brief at 6.

**2.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

**3.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2600–3591.

the Right–to–Know Law,[4] which provides that an agency is not required to create a record to satisfy a records request. Penn-DOT stated that it does not have a list of licensees and photo ID holders with all the information requested by Schneider. Second, PennDOT argued that Section 6114 of the Vehicle Code [5] and Section 92.5 of Title 67 of the Pennsylvania Code [6] both prohibit disclosure of the requested information. Third, PennDOT cited Section 708(b)(6) of the Right–to–Know Law, which exempts from disclosure records "containing all or part of a person's Social Security number [or] driver's license number." 65 P.S. § 67.708(b)(6)(i)(A). Fourth, PennDOT cited the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721–2725 (Privacy Act), as prohibiting PennDOT from disclosing the records requested by Schneider.

Schneider appealed PennDOT's denial to Open Records. In her appeal, Schneider narrowed her request to the name, address, date of birth and expiration date of each driver's license or photo ID. Schneider also clarified that she would accept the records in any available electronic format. In response to the appeal, Open Records invited both parties to supplement the record. Janet Dolan, Director of the Bureau of Driver Licensing for PennDOT, provided Open Records a position statement and sworn affidavit.[7]

Dolan's affidavit acknowledged that PennDOT has the name, address, date of birth, Social Security number, and dates of issuance and expiration for driver's license and photo ID holders. The affidavit did not explain *how* the information is stored. In light of these inadequacies, Open Records held that PennDOT did not prove that it would be forced to create a record to comply with Schneider's request. Nevertheless, Open Records denied Schneider's appeal because it concluded that the information she requested was exempt from disclosure.

Open Records cited Section 6114 of the Vehicle Code, which makes it unlawful for PennDOT to "disclose records or reports which relate to the driving record of any

---

4. Section 705 of the Law states: "When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. § 67.705.

5. Section 6114 of the Vehicle Code states, in relevant part:

    (a) Offenses defined.—*It shall be unlawful for:*
    (1) A ny police officer, or any officer, employee or agent of any Commonwealth *agency ... to* sell, publish or disclose or offer to sell, publish or *disclose records or reports which relate to the driving record of any person.*
    75 Pa.C.S. § 6114(a)(1) (emphasis added).

6. Section 95.2 of Title 67 of the Pennsylvania Code states, in relevant part:

    (c) *Basic driver license and vehicle records.* Basic driver license and vehicle records will be available as follows:
    (1) Basic driver license information, limited to name, address, Pennsylvania driver's license number and date of birth; vehicle registration and title information; and, photocopies of vehicle record source documents will be provided:
    (i) At a fee of $5.00 per record, form or supporting document; except
    (ii) Free to:
    (A) Commonwealth and local governmental agencies within the Commonwealth.
    (B) Agencies of the Federal government and reciprocating states.
    67 Pa.Code § 95.2.

7. Open Records chose not to conduct a hearing, noting that it had the "necessary, requisite information and evidence before it to properly adjudicate the matter." Final Determination of Open Records at 4.

person." 75 Pa.C.S. § 6114(a)(1). Noting that the Vehicle Code does not define "driving record," Open Records relied on its prior decision holding that the term refers to "a record relating to an individual's driving." *Dunbar v. Department of Transportation*, OOR Dkt. AP 2010–564, 2010 WL 3250382, at *2, 2010 PA O.O.R.D. LEXIS 493, at *4. Open Records concluded that driver's licenses were "driving records." Open Records also noted that the federal Privacy Act prohibits disclosure of a licensee's date of birth, zip code and the dates of issuance and expiration of a driver's license and photo ID. Schneider now petitions for this Court's review of Open Records' final determination.

■ On appeal, Schneider presents four issues for this Court's review.[8] First, Schneider argues that Open Records erred in holding that information on a driver's license is a type of "driving record" that must be kept confidential under Section 6114 of the Vehicle Code. Second, she argues that information on "non-driver" photo IDs does not constitute a "driving record" and, thus, must be disclosed. Third, she argues that the federal Privacy Act permits the disclosure of the information she seeks because it will be used in re-search. Fourth, she argues that simply because PennDOT's database contains Social Security numbers does not prevent the disclosure of otherwise public information in that database.[9]

We begin with a review of the pertinent provisions of the Right-to-Know Law. Section 301(a) provides that "[a] Commonwealth agency shall provide public records in accordance with this act." 65 P.S. § 67.301(a). Records in the possession of a Commonwealth agency are presumed to be public records. However, this "presumption shall not apply if: (1) the record is exempt under section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law, regulation or judicial order or decree." Section 305(a) of the Right–to–Know Law, 65 P.S. § 67.305(a). Section 708(a)(1) provides that the "burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1). Further, an agency cannot deny access to a record that contains non-disclosable information if that information can be redacted.

---

**8.** In reviewing a final determination of Open Records, this Court conducts an independent review and may substitute its own findings of fact for those of the agency. *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa. Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011). Essentially, this Court acts as a trial court, subjecting the matter to independent review and entering narrative findings and conclusions based on the evidence as a whole. *Id.* at 820.

This Court's scope of review is the most broad, permitting review of stipulations of the parties or *in camera* review, and also permitting a supplementation of the record through hearing or remand. *Id.*

**9.** Schneider acknowledges that Social Security numbers of ID holders, including just the last four digits, are exempt from disclosure under Section 708(b)(6)(i)(A) of the Right–to–Know Law, 65 P.S. § 67.708(b)(6)(i)(A). Schneider now considers her request modified to omit Social Security numbers. However, a Right–to–Know request cannot be modified before either Open Records or this Court. *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa.Cmwlth. 2010). In any case, Section 706 of the Right–to–Know Law provides that an agency must redact any exempt information and disclose the remaining public records. 65 P.S. § 67.706. Because Social Security numbers are exempt from disclosure, if they constitute an integral part of records found to be public they must be redacted in accordance with Section 706 of the Right–to–Know Law.

Section 706 of the Right–to–Know Law, 65 P.S. § 67.706.[10]

In her first issue, Schneider argues that the information she seeks is not required to be kept confidential by the Vehicle Code. As noted, Section 6114(a)(1) of the Vehicle Code makes it unlawful for Penn-DOT to "sell, publish or disclose ... records or reports which relate to the driving record of any person." 75 Pa.C.S. § 6114(a)(1). Schneider argues that "driving record," which is not defined in the Vehicle Code, is best understood as the record of suspensions, revocations, accidents and points assessed upon a licensee. Such a record includes, for example, police reports, accident reports, citations, notices of suspensions, and the like. However, a licensee's name, address and birth date reveals nothing about his driving record. Schneider further notes that the term "driver's license" is defined and used throughout the Vehicle Code, but it does not appear in Section 6114. Further, Section 95.2 of Title 67[11] of the Pennsylvania Code treats driving records and driver's licenses as separate matters.

PennDOT responds that the information Schneider requested is integral to an individual's driving record. It argues that by using the term "driving record" the legislature created a broad exemption in Section 6114 of the Vehicle Code. A driver's license is a subset of all the documents in its possession that "relate to" driving records.

■ Section 1510(a) of the Vehicle Code requires PennDOT to record the "the actual name, date of birth, [ and] residence address" of all driver licensees. 75 Pa.C.S. § 1510(a).[12] Because this information is contained on a driver's license, it is non-disclosable if we agree with PennDOT that the license itself is a type of driving record. We do agree and so hold. An individual's authorization to operate a vehicle is a type of driving record and required to be kept confidential under Section 6114 of the Vehicle Code.

■ In her second issue, Schneider argues that the information on non-driver photo IDs cannot be considered a "driving" record because they are *not* driver's licenses. This argument has superficial

---

**10.** Section 706 states as follows:

If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. *The agency may not deny access to the record if the information which is not subject to access is able to be redacted.* Information which an agency redacts in accordance with this sub-

section shall be deemed a denial under Chapter 9.
65 P.S. § 67.706 (emphasis).

**11.** 67 Pa.Code § 95.2, *supra* note 5.

**12.** Section 1510(a) of the Vehicle Code states, in relevant part:

The department shall ... issue to every qualified applicant a driver's license ..., which license shall contain a distinguishing number assigned by the department to the licensee, the actual name, date of birth, residence address, a color photograph or photographic facsimile of the licensee, such other information as may be required by the department, and either a facsimile of the signature of the licensee or a space upon which the licensee shall write his usual signature with pen and ink.
75 Pa.C.S. § 1510(a).

appeal but does not withstand close scrutiny.

Non-driver photo IDs are issued for several reasons. For example, PennDOT's regulation provides that a person who has voluntarily surrendered his driver's license or has had it non-renewed for medical reasons, including mental health issues, can qualify for a non-driver photo ID. 67 Pa.Code § 91.7.[13] Non-driver photo IDs are available to persons who have had their driver's license suspended for one year. 67 Pa.Code § 91.3.[14] In short, a number of the non-driver photo IDs issued relate directly to an individual's driving record. The only material difference between a driver's license and the non-driver photo ID is that the latter indicates that the holder lacks authority to drive. Stated otherwise, it is a negative driving record.

Further, the legislature intended that driver's licenses and non-driver photo IDs provide the same information and be used alike, with the exception of recognizing driving privileges. The Vehicle Code authorizes PennDOT to issue driver's licenses, to decide the content thereof and to promulgate implementing regulations. Section 1510(b) of the Vehicle Code states that an

> identification card shall have substantially the same content as a driver's license but shall clearly indicate that it is not a driver's license.

75 Pa.C.S. § 1510(b). The Vehicle Code further provides that a photo ID must be accepted for the purpose of identification for accepting or cashing a check. 75 Pa. C.S. § 1510(e).[15]

Not all non-driver photo IDs are issued because a driver's license has been surrendered or suspended. Nevertheless, it "relates to" a driving record in all cases because it informs the third-party that the holder, for whatever reason, is not allowed to drive. Stated otherwise, it "relates to" a driving record. The legislature intended to grant a broad exemption in Section 6114 of the Vehicle Code, and we agree with

---

13. It states:

(a) *Eligibility.* Where appropriate, and upon completion of the appropriate Departmental form, an identification card will be issued without charge:

(1) When a person voluntarily surrenders his driver's license to the Department due to his physical or mental condition.

(2) When a person has failed to take or pass a physical, vision, law, or driving examination ordered by the Department in connection with the renewal of a driver's license. The card will only be issued upon receipt of the person's driver's license.

(b) *Limitation.* After issuance of a complimentary identification card, the person to whom it was issued shall pay the regular fee for renewal or replacement of the card.

67 Pa.Code § 91.7.

14. It states:

To qualify for issuance of an identification card, a person shall:

(1) Be a resident of this Commonwealth.

(2) Be at least 16 years of age.

(3) Not be a licensed Pennsylvania driver, unless the driver's license is surrendered at the time application is made for the identification card, or the license has been surrendered to the Department due to a definite suspension of at least 1 year.

67 Pa.Code § 91.3.

15. It states:

Use of identification cards.—If a person has an established policy of accepting a driver's license issued pursuant to subsection (a) for the purpose of identification for the acceptance of a check given for payment of purchase or for the cashing of a check, the person shall also accept an identification card issued pursuant to subsection (b) for the same purpose. It shall be a defense to a prosecution under this subsection that the person was not presented with notice of the provisions of this subsection.

75 Pa.C.S. § 1510(e).

PennDOT's construction and application of that provision.

We hold that the information requested by Schneider that is contained on Pennsylvania driver's licenses and non-driver photo IDs "relates to the driving record" of those individuals, even if those individuals, at the time of receiving the non-driver photo ID, are not authorized to operate a vehicle. Thus, the records are exempt from disclosure under 75 Pa.C.S. § 6114(a)(1).

■ This dispenses with Schneider's first two issues, namely that the information she requested is a public record that must be disclosed under the Right–to–Know Law. In her third issue, Schneider argues that even if the records are exempt from disclosure under the Vehicle Code, the research exception to the Privacy Act provides a mechanism for otherwise exempt information to be disclosed. We disagree.

The federal Privacy Act prevents disclosure of certain personal information in the control of state departments of motor vehicles, such as PennDOT. The Privacy Act provides, in relevant part, that

a State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:

(1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section;

18 U.S.C. § 2721(a)(1). The Privacy Act defines "personal information" as

information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the

5–digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

18 U.S.C. § 2725(3). A "motor vehicle record" is "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1). In sum, the Privacy Act prevents disclosure of the name, Social Security number, and address, but not zip code, of holders of driver's licenses and non-driver photo IDs.

The Privacy Act also contains exceptions. Relevant here is the Privacy Act's provision that a state department of motor vehicles "may" release personal information "[f]or use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals." 18 U.S.C. § 2721(b)(5).

Schneider argues that her request meets this exception. She intends to use the requested information to produce a statistical report relevant to the Voter ID Law. She will not publish this personal information or use it to contact individuals. The Privacy Act, she asserts, was designed to protect people by preventing disclosure of personal information that may be used for illicit or criminal activity. Schneider's purpose is quite lawful and will be of value to the public.

PennDOT responds that the Privacy Act permits disclosure only of anonymous birth dates correlated with issuance and expiration dates of driver's licenses and photo IDs. It also argues that Section 6114 of the Vehicle Code, read together with the Privacy Act, rebuts the presumption in Section 305 of the Right–to–Know Law that the information on a driver's license is a public record. Further, PennDOT ar-

gues that Schneider's reasons for her request are irrelevant because she did not present them in her original request. That request did not mention the Voter ID Law, the SURE database or the Privacy Act. Finally, PennDOT cites Section 703 of the Right–to–Know Law,[16] which states that an agency cannot inquire into the reasons behind a request. Because it is the requester's burden to prove the right to an exception from non-disclosure, Schneider had to include her research explanation in her original request.

Under the Right–to–Know Law, the agency's Right–to–Know officer is required to determine whether or not the requested information qualifies as a public record. Once it is determined that the records are not public, the Right–to–Know Law does not require the agency, or Open Records, to further inquire into whether the deemed non-public records may be released under some other statutory scheme. To the contrary, the Right–to–Know Law does not permit an inquiry into the requester's motivations for seeking the information.

Open Records has held that requests such as Schneider's, which invoke a research exception to non-disclosure, should be presented to the agency under the agency's governing statute, not the Right–to–Know Law. Open Records offered a persuasive explanation for its position in another final determination:

> The Requester argues that he is entitled to the records without limitation because his situation qualifies under the "litigation exception" of the [Privacy Act.] Under [Section 2721(b)(4) of the Privacy Act], vehicle registration information is not protected when the record [is] sought "in anticipation of litigation" as part of an investigation. The Requester submitted an affidavit to attest to the facts necessary for the litigation exception. However, when vehicle registration records are disclosed pursuant to the [Right–to–Know Law] they are released as "public records" and become open to any member of the public, and as such can only be released to the extent not statutorily protected. This means that the registration records are only public records with redaction of the personal information regardless of the Requester's qualification under the litigation exception. The [Right–to–Know Law] provides that the reason for wanting the record is not relevant to determining its public status, and thus the Requester's particular circumstances in assessing public status. *To the extent that Requester may qualify for the litigation exception, which [Open Records] does not evaluate here, he should request the records under the Vehicle Code.*

*Dunbar,* OOR Dkt. AP 2010–564, 2010 WL 3250382, at *3, 2010 PA O.O.R.D. LEXIS 493, at *6–*7 (emphasis added). We agree with Open Records' persuasive analysis.

The records requested by Schneider are not public records. Section 2721(b)(3) of the Privacy Act provides a research exception by which certain qualified individuals may obtain confidential information. However, whether Schneider may avail herself of this exception is of no moment in a Right–to–Know Law proceeding. The only question to be decided here is whether the information is a public record, and that question has been answered in the negative.

---

**16.** Section 703 of the Law states, in relevant part, that "[a] written request need not include any explanation of the requester's reason for requesting or intended use of the records unless otherwise required by law." 65 P.S. § 67.703.

For these reasons, we affirm the order of the Office of Open Records.[17]

Judge Simpson did not participate in the decision in this case.

### ORDER

AND NOW, this 14th day of January, 2013, the order of the Office of Open Records, dated November 14, 2011, in the above captioned matter is hereby AFFIRMED.

17. Because we determine that the records requested are not subject to disclosure, we need not discuss Schneider's fourth issue presented for review.