# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Ocasio,       :
           :
     Petitioner     :
           :
   v.          : No. 306 C.D. 2017
           : Submitted: November 3, 2017
Pennsylvania Department of    :
Corrections,         :
           :
     Respondent    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**        **FILED: January 3, 2018**

Gabriel Ocasio (Requester) petitions, *pro se*, for review of a final determination of the Office of Open Records (OOR) that denied his appeal under the Right-to-Know Law (RTKL)[1] on the grounds that the records he sought were exempt from disclosure under the personal security and public safety exemptions of the RTKL. We affirm.

On October 13, 2016, Requester, an inmate incarcerated at the State Correctional Institution at Rockview, submitted to the Department of Corrections (Department) a request under the RTKL for

> any and all copies including but not limited to all misconducts ever written in this matter, all investigation report(s), all statement(s) made and signed by any cooperating parties, all

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

obtained information report(s) pertaining to an assault incident that occurred on 4/17/16 in D-Unit, involving Requester and I/Ms JB-7502, LG-6139, MB-1107, FD-4836.

(Record Item (R. Item) 1, Requester's RTKL Request.) The Department denied this request in its entirety based on Sections 708(b)(1)(ii), 708(b)(2), 708(b)(16), and 708(b)(17) of the RTKL. (*Id.*, Department RTKL Response.) Section 708(b)(1)(ii) of the RTKL exempts from disclosure records which if disclosed "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). Section 708(b)(2) of the RTKL exempts records "maintained by an agency in connection with the military, homeland security, national defense, law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity." 65 P.S. § 67.708(b)(2). Sections 708(b)(16) and 708(b)(17) exempt records relating to criminal and noncriminal investigations. 65 P.S. § 67.708(b)(16), (17).

Requester appealed this denial to OOR. (R. Item 1, Requester's Appeal to OOR.) In the position statement that it filed with the OOR, the Department asserted that the request sought two types of records: (1) investigation records, including incident reports and witness statements, and (2) misconduct records. (R. Item 3, Department Position Statement at 1.) The Department contended that these investigation records and misconduct records are exempt from disclosure under Sections 708(b)(1)(ii), 708(b)(2), 708(b)(16), and 708(b)(17) of the RTKL. (*Id.* at 1-4.) With this response, the Department submitted two declarations made under penalty of perjury, a declaration of its Director of the Office of Special Investigations and Intelligence (OSII) concerning the nature of the requested investigation records and the effect of disclosure of those records and a declaration of its Chief Hearing

2

Examiner concerning the nature of misconduct records and the effect of their disclosure. (*Id.* Exs. A & B.)

On December 7, 2016, OOR denied Requester's appeal. OOR held that the Department had shown that the investigation records were exempt from disclosure under the personal security exemption, Section 708(b)(1)(ii), and that the misconduct records were exempt from disclosure under the public safety exemption, Section 708(b)(2). (R. Item 5, OOR Final Determination at 4-12.) OOR did not address the Department's arguments that the requested records were exempt as records of criminal or noncriminal investigations. This appeal followed.[2]

Under the RTKL, records in the possession of a Commonwealth agency are presumed to be public records unless they are (1) exempt under Section 708 of the RTKL; (2) protected by a privilege; or (3) exempt from disclosure under another federal or state law or regulation or judicial order. Sections 102 and 305 of the RTKL, 65 P.S. §§ 67.102, 67.305; *Pennsylvania State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*); *Carey v. Pennsylvania Department of Corrections*, 61 A.3d 367, 371-72 (Pa. Cmwlth. 2013). Where an agency claims that a requested record is exempt from public access, the agency has the burden of proving by a preponderance of evidence that the asserted exception applies. 65 P.S. § 67.708(a)(1); *Bowling v. Office of Open Records*, 75 A.3d 453, 468-69 (Pa. 2013); *McGill*, 83 A.3d at 479; *Carey*, 61 A.3d at 372-73. The agency may satisfy its burden of proof by unsworn declarations made under penalty of perjury. *Global Tel\*Link Corporation v. Wright*, 147 A.3d 978, 980 (Pa. Cmwlth. 2016); *West Chester University of Pennsylvania v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth.

---

[2] Under the RTKL, this Court exercises plenary, *de novo* review of OOR determinations involving Commonwealth agencies such as the Department. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

2015); *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011).

Requester argues that the Department did not satisfy its burden to show that the investigation records and misconduct records are exempt from disclosure. We do not agree.

To establish that the personal security exemption applies, the agency must show: (1) a reasonable likelihood of (2) a "substantial and demonstrable risk" of physical harm to an individual or of harm to an individual's personal security if the records are not protected. 65 P.S. § 67.708(b)(1)(ii); *Carey*, 61 A.3d at 373; *Governor's Office of Administration v. Purcell*, 35 A.3d 811, 820 (Pa. Cmwlth. 2011). To establish the public safety exception, the agency must show that (1) the record at issue relates to a law enforcement or public safety activity and that (2) disclosure of the record would be reasonably likely to threaten public safety or a public protection activity. 65 P.S. § 67.708(b)(2); *Department of Labor and Industry v. Heltzel*, 90 A.3d 823, 834 (Pa. Cmwlth. 2014) (*en banc*); *Carey*, 61 A.3d at 374-75. Under both exemptions, the agency must show more than a conjecture or speculation that harm could result from disclosure. *Carey*, 61 A.3d at 373, 375; *Purcell*, 35 A.3d at 820.

This Court has repeatedly recognized that the nature of the prison setting requires that personal security and public safety issues be given serious consideration where a RTKL request seeks records concerning prisons. *Carey*, 61 A.3d at 374, 377; *Peterson v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1786 C.D. 2015, filed July 28, 2016), slip op. at 5-6, 2016 WL 4065565 at *2-*3; *Fennell v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1827 C.D. 2015, filed March 29, 2016), slip op. at 8, 2016 WL

1221838 at \*4; *Department of Corrections v. Gardner*, (Pa. Cmwlth., No. 631 C.D. 2011, filed April 27, 2012), slip op. at 7-8, 2012 WL 8678778 at \*4.[3]

> Personal security issues are of particular concern in a prison setting. Given the heightened risk associated with prisons, representations regarding perceived threats … posed by inmates are persuasive.

*Carey*, 61 A.3d at 374; *Gardner*, slip op. at 7-8, 2012 WL 8678778 at \*4 ("[a] prison setting involves unique concerns and security risks") (quoting *Commonwealth v. Dugger*, 486 A.2d 382 (Pa. 1985)). Risks to the physical safety and personal security of staff and other inmates are particularly acute where, as here, prison misconduct proceedings and incident reports involving inmate assaults are concerned. *Wolff v. McDonnell*, 418 U.S. 539, 561-62 (1974); *Peterson*, slip op. at 6-10, 2016 WL 4065565 at \*3-\*5 (upholding denial of RTKL request for incident reports concerning inmate's fatal assault on other inmate).

> Prison disciplinary proceedings … take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so. … The reality is that disciplinary hearings and the imposition of disagreeable sanctions necessarily involve confrontations between inmates and authority and between inmates who are being disciplined and those who would charge or furnish evidence against them. Retaliation is much more than a theoretical possibility; and the basic and unavoidable task of providing reasonable personal safety for guards and inmates may be at stake, to say nothing of the impact of disciplinary confrontations and the resulting escalation of personal antagonism on the important aims of the correctional process.

*Wolff*, 418 U.S. at 561-62.

---

[3] *Peterson*, *Fennell,* and *Gardner* are unreported decisions. While these decisions are not binding precedent, they are considered by the Court for their persuasive value. 210 Pa. Code § 69.414(a).

The Department submitted detailed declarations made under penalty of perjury in support of its assertions that the records sought were exempt from disclosure under the personal security and public safety exemptions of the RTKL. These declarations describe the nature of the two types of records sought and attest that the records are maintained by the Department in carrying out its law enforcement responsibilities of supervising incarceration of inmates. (R. Item 3, Department Position Statement Ex. A ¶¶5, 10-12, 16, 31, Ex. B ¶¶5-8, 12-13.) The declarations further explain in detail how disclosure of the requested records would threaten both the personal safety of individuals and public safety. (*Id.*, Ex. A ¶¶7, 9, 12-30, 32, 34-35, Ex. B ¶¶8-11, 13-15.) The declarations attest that disclosure of investigation records and misconduct records would enable inmates and other individuals being investigated or disciplined to identify their accusers and witnesses against them and would result in threats and violent retaliation against inmates or staff who complain or provide evidence of misconduct. (*Id.*, Ex. A ¶¶7, 13-14, 20, 22-24, Ex. B ¶¶8-10, 14.) The declaration of the Department OSII Director also attests that a confidential complaint process is essential to encourage inmates to report and provide evidence of violent behavior and other misconduct and that disclosure of investigation records would therefore impair the Department's ability to detect and reduce those dangers to the safety of the prison. (*Id.*, Ex. A ¶¶13, 16-20, 25-30.) The declaration of the Department Chief Hearing Examiner also attests that disclosure of misconduct records would endanger prison security by enabling inmates to identify other inmates engaged in particular illicit behaviors. (*Id.*, Ex. B ¶¶10-11, 13-14.)

These declarations show a reasonable likelihood of a substantial and demonstrable risk of physical harm to inmates and prison staff and show that the records are law enforcement and public safety records, the disclosure of which

would be reasonably likely to impair the security of the Department's prisons. The requested records therefore are protected from disclosure by the personal security and public safety exemptions. *Carey*, 61 A.3d at 374 (records identifying individuals who authorized transfer of inmates were exempt from disclosure under Section 708(b)(1)(ii) of the RTKL where Department affidavit showed that disclosure would create risk of inmate retaliation against staff who authorized the transfers); *Adams v. Pennsylvania State Police*, 51 A.3d 322, 323-25 (Pa. Cmwlth. 2012) (records concerning use of confidential informants were exempt from disclosure under Section 708(b)(2) of the RTKL where agency's affidavit showed that disclosure would impede criminal investigations); *Woods v. Office of Open Records*, 998 A.2d 665, 668, 670 (Pa. Cmwlth. 2010) (chapter of parole board manual concerning supervision of sex offenders was exempt from disclosure under Section 708(b)(2) where agency's affidavit showed that disclosure would enable parolees to avoid detection and impair effectiveness of supervision); *Peterson*, slip op. at 6-10, 2016 WL 4065565 at \*3-\*5 (incident reports concerning inmate's fatal assault on other inmate were exempt from disclosure under Section 708(b)(1)(ii) of the RTKL where Department affidavit showed that disclosure would create risk of retaliation against inmates and staff involved in investigation).[4]

Requester asserts that he is entitled to the requested records under the RTKL because he needs them to defend against charges that the Department has brought against him and that the denial of the records violates his constitutional rights. That contention is without merit. The status of the party requesting the record, the reason for the request, and the need for the requested records are

---

[4] In his brief, Requester also argues that the records are not exempt under Sections 708(b)(16) and 708(b)(17) of the RTKL as records relating to criminal and noncriminal investigations. Because we conclude that the records are exempt under Sections 708(b)(1)(ii) and 708(b)(2), it is unnecessary to address those arguments.

irrelevant under the RTKL. *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014). Even where a requester has a right to obtain a document outside of the RTKL's statutory scheme, that is not a valid ground for ordering an agency to provide the record in response to an RTKL request. *Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183, 1187-88 (Pa. Cmwlth. 2015).[5]

Requester also argues that the requested records should be produced in redacted form. This argument likewise fails. Where only a part of a record is exempt from disclosure under Section 708(b), the agency must produce the record with the exempt portion redacted. Section 706 of the RTKL, 65 P.S. § 67.706; *Pennsylvania State Police v. Grove*, 161 A.3d 877, 894 n.18 (Pa. 2017); *Department of Corrections v. St. Hilaire*, 128 A.3d 859, 865-66 (Pa. Cmwlth. 2015); *Advancement Project v. Pennsylvania Department of Transportation*, 60 A.3d 891, 894 (Pa. Cmwlth. 2013). Here, however, the Department did not merely show that particular information in the requested records was exempt from disclosure. Rather, the declarations submitted by the Department attested that the disclosure of the requested records, "misconducts," "investigation report(s)," "statement(s) made and signed by any cooperating parties," and "information report(s)" concerning an assault by an inmate (R. Item 1, Requester's RTKL Request), would endanger inmates and staff and impair prison security. Moreover, it is clear from Requester's brief that his record request seeks the very types of information, identity of witnesses and details of evidence, investigations and disciplinary action, that implicate the Department's safety concerns and are exempt from disclosure. (Petitioner's Br. at 3-6.)

---

[5] We do not suggest by this discussion that Requester in fact has a constitutional right to obtain the requested records. *See Wolff*, 418 U.S. at 560-72; *Melton v. Beard*, 981 A.2d 361, 364-65 (Pa. Cmwlth. 2009); *Mays v. Fulcomer*, 552 A.2d 750, 752-53 (Pa. Cmwlth. 1989).

8

For the foregoing reasons, we affirm OOR's final determination.


_____
**JAMES GARDNER COLINS, Senior Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Ocasio, : 
           : 
           Petitioner : 
           : 
           v. : No. 306 C.D. 2017
           : 
Pennsylvania Department of : 
Corrections, : 
           : 
           Respondent : 

## **O R D E R**

AND NOW, this 3rd day of January, 2018, the final determination of the Office of Open Records is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**