# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jihad Ali,                :
           Appellant     :
                   :
       v.              :    No. 1335 C.D. 2014
                   :    Argued: May 6, 2015
Philadelphia City Planning Commission :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge

**OPINION BY JUDGE BROBSON**         **FILED: October 1, 2015**

Petitioner Jihad Ali (Ali) appeals from a June 27, 2014 Order (docketed June 30, 2014) of the Court of Common Pleas of Philadelphia County (trial court), affirming a decision of the Pennsylvania Office of Open Records (OOR) under the Right to Know Law (RTKL).[1] At issue is whether the OOR erred in refusing to order the Philadelphia City Planning Commission (Commission) to provide Ali with unredacted copies of records which contained information that the Commission deemed protected under Section 106 of the federal Copyright Act,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–.3104.

17 U.S.C. § 106. For the reasons set forth below, we reverse in part and affirm in part on alternative grounds the trial court's decision.[2]

## I. BACKGROUND

On or about April 15, 2013, Ali submitted a request for public records under the RTKL to the Commission, seeking "[a]ll public records . . . from 2003 to the present time relating to the revitalization and redevelopment of the 60th Street commercial corridor." (Reproduced Record (R.R.) 25-26.) The Commission denied Ali's request in part. Relevant to this appeal is the Commission's decision to redact from responsive documents records and/or information subject to copyright protection:

> Specifically, the [Commission] will not provide copies of plans, architectural drawings, renderings, photographs, etc., that are subject to copyright protection. The [RTKL] does not apply to documents that are prohibited from being disclosed pursuant to Federal law.
>
> o The [Commission] has redacted the following material that is subject to copyright:
>
>> • In the document entitled "Affordable Rental Housing Development Proposal - 60th Street Corridor," architectural drawings of the floor plans have been redacted from pages 45 through 50. A map of "community services" in the 60th Street Corridor has been redacted from page 53.

---

[2] This Court's review in a statutory appeal is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth. 2010). "The scope of review for a question of law under the [RTKL] is plenary." *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010).

- In the document entitled "60th Street Commercial Corridor UP.UD Assessment," maps, architectural schematics, and artists' renderings have been redacted from pages 18, 21, 45, 47, 49, 51, 53-54, 56, 59, 64, 67, 70, 74, 77, 79, 81, 83, 85-91, 94-98, and 100. Descriptions of each redacted item can be found in the unredacted titles on the relevant pages.

- In the document entitled "60th Street Property Analysis," maps and artists' renderings have been redacted from pages 2, 4, 10, 13, 14, 16, and 19. Artists renderings have been redacted from pages 13 and 19 depicting the finished projects described therein, and the remainder of the redactions are maps depicting the boundaries of the referenced sites and/or projects.

(R.R. 28-29 (citations omitted).)

On June 13, 2013, Ali appealed the partial denial to OOR. On June 25, 2013, the Commission submitted its position statement to the assigned OOR appeals officer, along with an affidavit of Steven Williams, Executive Director of the Partnership Community Development Corporation (The Partnership CDC). (R.R. 38-43.) In the affidavit,[3] Mr. Williams claimed, *inter alia*, that The Partnership CDC holds a copyright on the materials withheld by the Commission and described above, which The Partnership CDC submitted to the Commission as part of its proposed redevelopment project. He further claimed that The Partnership CDC would suffer competitive harm if the information was released.

_____

[3] The affidavit is in the form of an unsworn statement made expressly subject to the penalty of perjury under 18 Pa. C.S. § 4904. *See* Pa. R.C.P. No. 76 (definition of affidavit).

As a result, the Commission contended, *inter alia*, that it was precluded from disclosing the copyrighted material under federal law.

Ali filed his position statement with the OOR appeals officer on or about July 5, 2013. (R.R. 45-54.) Ali contended that the Commission failed to meet its burden of proof with respect to any exemptions under the RTKL. Ali challenged the Commission's reliance on federal copyright protection as a basis for withholding certain information without inquiring into whether Ali's request would fall within the "fair use" exception found in Section 107 of the Copyright Act, 17 U.S.C. § 107. In a supporting affidavit, Ali disclosed that he seeks the requested information "to ensure that the developers comply with all relevant federal, state and local laws and to ensure that the proposed development will actually result in direct and tangible benefits for the surrounding community." (R.R. 53.) Ali claims that these purposes fall within the scope of the "fair use" exception. Ali contends that if the Commission and the OOR rely on federal law for purposes of copyright protection, they must also apply the "fair use" exception. Otherwise, the Commission and the OOR are not giving full effect to the federal law on which they are relying.

The OOR appeals officer issued her Final Determination on July 23, 2013. (R.R. 56-62.) Based on the Commission's submission, the appeals officer concluded that The Partnership CDC holds the copyright on the materials that the Commission withheld from its response to Ali's RTKL request and did not consent to the release of the information. The appeals officer concluded that the OOR was precluded, under Section 305(a)(3) of the RTKL, 65 P.S. § 67.305(a)(3), from ordering the release of records that would be exempt under any federal law. Citing a prior OOR decision, however, the OOR appeals officer refused to conduct

4

a "fair use" analysis, concluding that such an analysis must be conducted outside of the RTKL context. (R.R. 60.) In a footnote, the OOR appeals officer noted that the Copyright Act prohibited reproduction of the requested information, not public inspection.

Exercising his statutory appeal remedy under Section 1302 of the RTKL, 65 P.S. § 67.1302, Ali appealed the Final Determination to the trial court. Following briefing and oral argument, the trial court issued its June 27, 2014 Order, affirming the OOR Final Determination. After Ali filed his appeal with this Court, the trial court issued an Opinion in support of its Order. (R.R. 139-48.) The trial court noted that the "fair use" exception was an affirmative defense to a claim of copyright infringement. Because, however, the Commission did not disclose The Partnership CDC's copyrighted information in response to Ali's RTKL request, there could be no claim of infringement, and, thus, no occasion to raise the "fair use" defense. The trial court noted an absence of any case law that would allow a requester under the RTKL to assert the "fair use" defense in Section 107 of the Copyright Act in support of a request under the RTKL. In a footnote, the trial court also raised a possible conflict between application of the "fair use" exception in the way proposed by Ali and Section 302(b) of the RTKL, 65 P.S. § 67.302(b), which precludes a local agency from "deny[ing] a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law." The trial court also held that it lacks jurisdiction to determine the merits of a "fair use" claim under the Copyright Act. Finally, in light of its disposition on the merits, the trial court opined that it was justified in refusing to award Ali attorneys' fees under Section 1304(a) of the RTKL, 65 P.S. § 67.1304(a).

5

## II. DISCUSSION

On appeal, Ali raises two issues. First, Ali asks this Court to consider whether the trial court erred in upholding the OOR's decision to deny Ali copies of redacted information based on a misapplication of the RTKL and the Copyright Act and the lack of any record evidence that the holder of the copyright, The Partnership CDC, objected to the disclosure of the copyrighted material by the Commission in response to RTKL requests. Next, Ali asks the Court to consider whether the trial court erred in denying Ali an award of reasonable attorneys' fees and costs of litigation under Section 1304(a) of the RTKL.

### A. Copyright Law

As an initial matter, we will address the question of whether the OOR has the authority to interpret the provisions of the Copyright Act in the context of hearing an appeal under the RTKL. Ali specifically disputes the trial court's conclusion that it lacked jurisdiction to determine the merits of Ali's "fair use" argument. In *Department of Labor & Industry v. Heltzel*, 90 A.3d 823 (Pa. Cmwlth. 2014) (en banc), this Court held that the OOR "enjoys the authority to interpret federal statutes that involve public records and public access to agency information." *Heltzel*, 90 A.3d at 829. Because the Commission contends that the Copyright Act bars duplication of the requested records, both the OOR and the trial court necessarily had the jurisdiction and authority under the RTKL to interpret that federal law in order to determine the public nature of the records at issue.

Turning to the merits, Ali does not dispute that The Partnership CDC holds the copyright to the plans, drawings, and maps at issue. He argues, however, that nothing in the record supports the OOR's finding that The Partnership CDC objected to the disclosure of its copyrighted material in response to Ali's RTKL

6

request. Ali noted that although Mr. Williams, in his affidavit, established that The Partnership CDC owns the copyright on the records in question, Mr. Williams did not aver that The Partnership CDC refused to give consent to the Commission to make copies of those materials available to the public should a request be made under the RTKL.

But, even if The Partnership CDC did refuse to grant consent, Ali contends that the OOR should have fully analyzed the Copyright Act, including the "fair use" exemption, to determine whether the requested records were exempt from disclosure under the RTKL. Ali argues that because the Commission claimed the exemption, it could not rest merely with the contention that the materials sought were subject to a copyright. The Commission had the burden to show that duplicating the records in response to a RTKL request would actually violate the Copyright Act. This, Ali argues, the Commission failed to do. Ali cites a decision from the Supreme Court of Washington[4] as well as decades-old guidance from the United States Department of Justice, to support his contention that the government's disclosure of copyrighted material in response to an open records request constitutes a "fair use" of the materials under the Copyright Law.

In response, the Commission contends that, "[a]s a general rule, the Copyright Act recognized that the holder of a copyright retains exclusive rights over the reproduction or distribution of the copyrighted materials." (Commission Br. at 17 (citing 17 U.S.C. § 106).) The Commission argues that it, therefore, properly concluded that the requested materials, which the parties agree are subject to third-party copyright protection, are exempt from reproduction so as to protect

---

[4] *Lindberg v. Cnty. of Kitsap*, 948 P.2d 805 (Wash. 1997).

7

the Commission from the risk of liability for infringement under federal law. The Commission argues that it was not required to seek the consent of The Partnership CDC to the release of the documents before asserting the exemption, as the protection from disclosure is inherent in the copyright status of the materials. The Commission further argues that requiring a local agency to seek out and secure consent from the copyright owner would be time-consuming and burdensome. This is particularly true where the holder of the copyright may not be the party that submitted the materials to the local agency. The Commission further argues that given the fact that the holder of the copyright in this case executed an affidavit asserting its copyright interests, the OOR and the trial court could rightly infer the owner's objection to duplication/reproduction of the protected material. The Commission also rejected the notion that a developer's submission of plans to a local agency for review and approval constitutes a waiver of any copyright protection of the submitted materials.

With respect to "fair use," the Commission agrees with the OOR and the trial court that the "fair use" inquiry is incompatible with the RTKL, specifically Section 302(b) of the RTKL, which the Commission contends precludes inquiry into the requester's intended use of a public record. The Commission also counsels against this Court's adoption of a *per se* rule that every local agency's reproduction of copyrighted material in response to a RTKL request is a "fair use":

> The problem . . . is that a determination of "fair use" is not appropriately made in a RTKL inquiry, either as a bright line rule or by a state court, without participation by the copyright holder. Nor is it at all clear that a federal court, faced with a subsequent infringement action, would respect a state court's decision on the federal law question. That is why providing *access* to copyrighted materials but not reproduction . . . remains

8

> the most legally sound course, balancing both the interests of the requestor and the agency.

(Commission Br. at 23.) The Commission questions Ali's reliance on the Supreme Court of Washington decision and cites decisions from other state courts that are more in line with that tack taken by the OOR and the trial court here.[5] The Commission also questions Ali's reliance on the 1983 guidance document from the United States Department of Justice.

The Commission agrees with the trial court that "fair use" is an affirmative defense under the Copyright Act, which can only be raised after disclosure of copyrighted material and a suit for infringement. In this case no infringement has occurred, because the local agency has not duplicated and distributed the copyrighted material. Accordingly, the "fair use" defense has not been triggered and should not be part of a review under the RTKL by OOR or a reviewing court, particularly where the copyright holder is not a party. The Commission further points to 28 U.S.C. § 1338(a), which provides, *inter alia*, that "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

We begin our analysis with the RTKL, because it is unquestionably within our authority to interpret and apply that law in this matter. Under Section 302(a) of the RTKL, 65 P.S. § 67.302(a), a local agency, such as the Commission, "shall provide public records in accordance with this act." Section 701(a) of the RTKL, 65 P.S. § 67.701(a), provides the general rule of access: "Unless otherwise

---

[5] *See Weisberg v. U.S. Dep't of Justice*, 631 F.2d 824 (D.C. Cir. 1980); *Nat'l Council of Teachers Quality, Inc. v. Curators of the Univ. of Mo.*, 446 S.W.3d 723 (Mo. Ct. App. 2014); *Pictometry Int'l Corp. v. Freedom of Info. Comm'n*, 59 A.3d 172 (Conn. 2013).

provided by law, a public record . . . shall be accessible for inspection and duplication in accordance with this act." All parties appear to agree that the materials in dispute meet the definition of a "record" under the RTKL.[6] The question that we must resolve is whether a record in the possession of a local agency that is subject to a copyright held by a third party is a "public record" that must be disclosed under the RTKL, that is, subjected to inspection *and* duplication.

The RTKL defines a public record as follows:

A record . . . of a Commonwealth or local agency that:

> (1) is not exempt under Section 708;

> (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or

> (3) is not protected by a privilege.

Section 102 of the RTKL. Section 305(a) of the RTKL provides for a presumption that all records in the possession of a local agency are public records. Section 305(a) of the RTKL, however, mirrors the definition of "public record" in Section 102 of the RTKL, by providing that the presumption does not apply where the record in question is either (1) exempt under Section 708 of the RTKL, 65 P.S. § 67.708; (2) exempt under federal or state law, regulation, or judicial order or

---

[6] The RTKL defines "record" as follows:

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

Section 102 of the RTKL, 65 P.S. § 67.102.

decree; or (3) subject to a privilege. In addition, Section 306 of the RTKL, 65 P.S. § 67.306, provides:

> Nothing in this act shall supersede or modify the public or nonpublic nature of a record or document established in Federal or State law, regulation or judicial order or decree.

Finally, Section 3101.1 of the RTKL, 65 P.S. § 67.3101.1, provides:

> If the provisions of this act regarding access to records conflict with any other Federal or State law, the provisions of this act shall not apply.

The burden of proving that a record is exempt from access under the RTKL is on the local agency receiving the request. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1). The RTKL is designed to promote access to government information in order to prohibit secrets, permit scrutiny of the actions of public officials, and make public officials accountable for their actions. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013); *Pa. State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (en banc). In furtherance of these remedial purposes, all exemptions from disclosure, including exemptions under federal law, must be narrowly construed. *Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013) (en banc).

## 1. Section 305(a)(3) Exemption

Both the OOR appeals officer and the trial court held that the copyrighted materials at issue in this matter are not public records because they are exempt from disclosure under federal law—*i.e.*, the Copyright Act. We disagree. In order to constitute an exemption under Section 305(a)(3) of the RTKL, the federal statute must expressly provide that the record sought is confidential, private, and/or not subject to public disclosure. For example, in *Sherry v. Radnor Township School District*, 20 A.3d 515 (Pa. Cmwlth.), *appeal denied*,

11

31 A.3d 292 (Pa. 2011), this Court held that school records relating to honor code violations were exempt under the Family and Educational Rights of Privacy Act of 1974 (FERPA),[7] and, therefore, were exempt from disclosure under Section 305(a)(3) of the RTKL. In reaching this conclusion, we cited specifically to Section 1232g(b)(1) of FERPA, 20 U.S.C. § 1232g(b)(1), which provides that "[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records . . . of students without the written consent of their parents." Moreover, citing *United States v. Miami University,* 294 F.3d 797 (6th Cir. 2002), we observed that FERPA has been described as a law "designed to protect parents' and students' right to privacy by limiting the transferability of records without consent." *Sherry*, 20 A.3d at 525.

In *Office of Budget v. Campbell*, 25 A.3d 1318 (Pa. Cmwlth. 2011), this Court reversed a decision by the OOR that ordered the Office of Budget to produce employee W-2 forms under the RTKL. We held that the forms were exempt under Section 305(a)(3) of the RTKL because they were exempt from public disclosure under Section 6103(a) of the Internal Revenue Code, 26 U.S.C. § 6103(a), which provides, in pertinent part:

> (a) General rule.—Returns and return information shall be confidential, and except as authorized by this title—
>
> . . .
>
> (2) no officer or employee of any State . . .
>
> shall disclose any return or return information obtained by him in any manner . . . .

---

[7] 20 U.S.C. § 1232g.

In *Advancement Project v. Pennsylvania Department of Transportation*, 60 A.3d 891 (Pa. Cmwlth. 2013), the Pennsylvania Department of Transportation (PaDOT) argued, *inter alia*, that Section 6114(a)(1) of the Vehicle Code, 75 Pa. C.S. § 6114(a)(1), and the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, prohibited PaDOT from disclosing, in response to a RTKL request, information about photo identification cards that it issued. Section 6144(a)(1) of the Vehicle Code makes it unlawful "to sell, publish or disclose . . . records or reports which relate to the driving record of any person." Section 2721(a)(1) of the federal Privacy Act prohibits state motor vehicle departments from disclosing or otherwise making available personal information about an individual that the department obtained in connection with the individual's motor vehicle record. 18 U.S.C. § 2721(a)(1). This Court held that the information sought through the RTKL was information exempt from disclosure under both the Vehicle Code and the federal Privacy Act. *Advancement Project*, 60 A.3d at 898.

The Copyright Act is a law that encourages creative labor for the general public by bestowing on the author or inventor certain economic protections relative to his or her work. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432-34 (1984). Relevant to this matter, the exclusive rights of the copyright holder, as set forth in Section 106 of the Copyright Act, 17 U.S.C. § 106, include the following:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> . . .

13

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

. . . .

These exclusive rights, however, give way to what is referred to as "fair use" of the copyrighted work by the public. In this regard, Section 107 of the Copyright Act, 17 U.S.C. § 107, provides:

Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.

Section 107 of the Copyright Act is the codification of the judicially-created "fair use" defense to a copyright infringement action. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 197 (3d Cir. 2003). "Fair use" is in the nature of an affirmative defense, and, therefore, the alleged infringer bears the

burden of proof. *Id.* The "fair use" analysis, however, is not limited to the four "non-exhaustive list of factors" set forth above:

> The four statutory factors "do not represent a score card that promises victory to the winner of the majority." Rather, each factor is "to be explored, and the results weighed together, in light of the purposes of copyright." Thus, as we apply copyright law, and the fair use doctrine in particular, we bear in mind its purpose to encourage "creative activity" for the public good.

*Id.* at 198 (quoting Pierre N. Leval, *Toward a Fair Use Standard*, 103 HARV. L. REV. 1105, 1110 (1990); *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 578 (1994)).

Based on our review of the Copyright Act and our precedent, we conclude that Copyright Act is not a federal law that exempts materials from disclosure under the RTKL. It neither expressly makes copyrighted material private or confidential, nor does it expressly preclude a government agency, lawfully in possession of the copyrighted material, from disclosing that material to the public. That the Copyright Act grants exclusive rights to the copyright holder to authorize duplication of the copyrighted material does not alone persuade us that the Copyright Act is the type of federal law that the General Assembly intended to include within the scope of Section 305(a)(3) of the RTKL. This is so because the exclusive rights of the copyright holder are not unqualified in light of Section 107 of the Copyright Act. In other words, not *every* disclosure of copyrighted material without the owner's consent violates the Copyright Act. This distinguishes the Copyright Act from state and federal laws that this Court has recognized as falling within the scope of the Section 305(a)(3) exemption under the RTKL.

## 2. Section 306—Public Nature

Similar to our analysis above with respect to Section 305(a)(3) of the RTKL, we conclude that nothing in the Copyright Act establishes the nature of copyrighted material as "nonpublic." As noted above, the very purpose of the Copyright Act is to encourage creative labor for the public good. Accordingly, Section 306 of the RTKL does not support the trial court's decision.

## 3. Section 3101.1—Public Access

Summarizing our conclusions above, we have rejected the Commission's contentions that the Copyright Act is a federal law that exempts copyrighted material from disclosure under the RTKL (Section 305(a)(3) of the RTKL) or is a federal law that renders such materials "nonpublic" (Section 306 of the RTKL). Accordingly, for purposes of this action, the copyrighted materials at issue are "public records" under the RTKL. We must now determine whether there is a conflict between the access afforded to public records under the RTKL and the Copyright Act.

As we noted in *Heltzel*, "[c]onflicts as to public access . . . are governed by Section 3101.1 of the RTKL." *Heltzel*, 90 A.3d at 832. Section 3101.1 of the RTKL provides that "[i]f the provisions of [the RTKL] regarding access to records conflict with any other Federal or State law, the provisions of this act shall not apply." The RTKL provides access to public records in two ways—inspection and duplication. Section 701(a) of the RTKL. The Commission contends that duplication under the RTKL conflicts with Section 106 of the Copyright Act.

As noted above, Section 106 of the Copyright Act vests in the owner of the copyright the *exclusive* right to duplicate and to authorize duplication of the

16

copyrighted work. The Copyright Act does not restrict inspection. Although the rights conferred on the copyright holder are subject to "fair use," the Copyright Act is nonetheless problematic for local agencies when faced with a RTKL request that seeks copyrighted materials. Unless the copyright holder has consented to duplication, duplication of the copyrighted material under the RTKL carries the risk that the copyright holder will sue the local agency for infringement in federal court. If found to be an infringer, the local agency could be held liable to the copyright holder for actual or statutory damages, which, in the case of willful infringement, could be up to $150,000. 17 U.S.C. § 504. The local agency could also be ordered to pay the copyright owner's costs and attorneys' fees. *Id.* § 505. All the while, the local agency is expending taxpayer dollars in costs and attorneys' fees to defend itself in an infringement action occasioned not by its own assessment of the risk and subsequent voluntary disclosure, but by forced disclosure by order of the OOR or this Court.[8]

---

[8] In his reply brief, Ali argues that Section 1306(a) of the RTKL, 65 P.S. § 67.1306(a), "shields every agency, public official or public employee from exposure to civil liability from compliance with a legally valid right to know request." (Ali Reply Br. at 16.) Section 1306(a) of the RTKL provides:

> Except as provided in sections 1304 and 1305 and other statutes governing the release of records, no agency, public official or public employee shall be liable for *civil penalties* resulting from compliance or failure to comply with this act.

(Emphasis added.) Clearly, this language does not, as Ali contends, shield local agencies and their officers and employees from all civil liability, let alone civil liability under federal law. The section refers only to civil penalties, which are in the nature of a fine imposed by a governmental body. *See* Section 1305 of the RTKL, 65 P.S. § 67.1305 (authorizing courts to impose civil penalty for agency's bad faith denial of access to public record).

The conflict here, however, is not just the risk that an order of disclosure under the RTKL may trigger civil liability under the Copyright Act, it is also that federal law makes this Court powerless to resolve the question of whether a disclosure of copyrighted material by a local agency without permission of the owner is infringement under the Copyright Act. *See* 28 U.S.C. § 1338(a) (vesting exclusive jurisdiction over claims "arising under" Copyright Act).[9] Though not directly on point, an opinion from the United States Court of Appeals for the District of Columbia Circuit illustrates how a jurisdictional problem can limit a court's ability to resolve the tension between public access and copyright. In *Weisberg v. U.S. Department of Justice*, 631 F.2d 824 (D.C. Cir. 1980), a case dealing with a request for copyrighted material under the Freedom of Information Act (FOIA),[10] the federal district court ordered the FBI to produce copies of

---

[9] The reach of federal jurisdiction under this section is described as follows:

> Mindful of the hazards of formulation in this treacherous area, we think that an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, *or asserts a claim requiring construction of the Act*, or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

*T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (citations omitted) (emphasis added). Here, Ali asserts a claim—*i.e.*, that reproduction of copyrighted material in response to a RTKL is "fair use" under Section 107 of the Copyright Act—that requires construction of the Act. Accordingly, if we were to address Ali's claim, we would be intruding on the exclusive jurisdiction of the federal courts.

[10] 5 U.S.C. § 552.

copyrighted photographs in response to a FOIA request. Much as we do above with respect to the RTKL, the D.C. Circuit held that "the mere existence of copyright, by itself, does not automatically render FOIA inapplicable to materials that are clearly agency records." *Weisberg*, 631 F.2d at 825. The D.C. Circuit, however, vacated the district court's order because the question of whether duplication under FOIA should be allowed could not be resolved in the absence of the copyright holder, TIME, which the D.C. Circuit held was an indispensable party to the action. The court reasoned:

> We intimate no view with respect to [the FBI's] contentions concerning the proper relationship between FOIA and the copyright laws. We conclude instead that the district court should have sought the presence of the alleged copyright holder under [Fed. R. Civ. P. 19] before deciding the case. Because TIME was not a party, the district court has subjected the Government "to a substantial risk of incurring . . . inconsistent obligations."
>
> The district court's rulings vitally affect the value of TIME's alleged copyright. If TIME were to bring its own action challenging the Government's right to duplicate the photos, the district court's determination would not necessarily serve as a bar. Non-parties generally can be bound by prior judgments only where they have been fairly represented by one of the parties in the earlier litigation. And an agency's interest in FOIA suits is likely to diverge from those of private parties. Indeed, the Government concedes in this case that it had no incentive to protect TIME's interests on at least one of the key copyright issues decided by the district court. The possibility therefore remains that a separate action by TIME would be allowed to proceed, raising the prospect of conflicting legal obligations for the Government with respect to the disposition of TIME's photos.
>
> . . . Had TIME participated in the proceedings below . . . the rights and liabilities of all interested persons would have been finally and consistently

> determined in one forum.  As matters now stand, we are faced with the needless potential for duplicative litigation.

*Id.* at 829-30 (quoting Fed. R. Civ. P. 19) (citation omitted) (footnotes omitted).[11]

Here, our jurisdictional problem cannot be solved by simply joining The Partnership CDC as an indispensable party.[12]  A change in federal law would be necessary.  Even if we could force a copyright owner to participate in RTKL proceedings before the OOR or a common pleas court, a ruling by a state agency or state court that duplication by the local agency of copyrighted material pursuant to the RTKL is "fair use" under Section 107 of the Copyright Act would not preclude a copyright owner from pursuing an infringement lawsuit in federal court, and the district court would not be bound by our "fair use" decision.[13]  We, therefore, have here the same concerns—*i.e.*, the prospect of conflicting legal obligations for the government and the potential for duplicative litigation—that the D.C. Circuit found problematic in *Weisberg.*  The D.C. Circuit resolved those concerns by vacating the district court's order and remanding the matter for further proceedings with the copyright owner as a party.  We simply do not have that option.

We can, therefore, only go as far in this matter as the RTKL and the undisputed terms of the Copyright Act will allow.  *See Advancement Project*, 60 A.3d at 898 ("Once it is determined that the records are not public, the [RTKL]

---

[11] Interestingly, the "key copyright issue" that the D.C. Circuit refers to in the above-quoted passage is whether duplication by the FBI would be "fair use" under Section 107 of the Copyright Act.  *Weisberg*, 631 F.2d at 829 n.38.

[12] The Partnership CDC has not appeared as a party at any stage in this RTKL proceeding.

[13] *See DeCoatsworth v. Jones*, 639 A.2d 792, 796 (Pa. 1993) (holding that judgment entered without jurisdiction is entitled to no authority or respect).

does not require the agency, or [OOR], to further inquire into whether the deemed non-public records may be released under some other statutory scheme."). Because we lack jurisdiction under federal law to resolve the question of whether a local agency's disclosure of copyrighted material pursuant to the RTKL without the owner's consent constitutes infringement under the Copyright Act, where a local agency has refused to duplicate a public record in response to a RTKL request by invoking the Copyright Act, our review must be confined to determining whether the local agency has met its burden of proving facts sufficient to show that forced duplication of copyrighted material under the RTKL implicates rights and potential liabilities arising under the Copyright Act that can only be resolved by the federal courts.

As outlined above, there is a conflict between the Copyright Act and the RTKL with respect to access (*i.e.*, duplication)[14] where (1) the public record in question is protected under a copyright held by a third party and (2) the local agency does not have the consent of the copyright owner to the duplication of the public record in response to a RTKL request. With respect to the second element, we do not hold that the local agency is under any obligation to seek out the copyright owner and endeavor to secure its consent. To do so would impose additional burdens and costs on local agencies already challenged by the strict deadlines set forth in the RTKL. Instead, we leave it to the local agency to decide

---

[14] We emphasize, however, that where a conflict is established under Section 3101.1 of the RTKL, the Copyright Act will limit the level of access to a public record only with respect to duplication, because the Copyright Act does not restrict inspection. The public record must, therefore, still be made available for inspection under the RTKL, allowing the public to scrutinize a local agency's reliance on or consideration of the copyrighted material.

whether and, if so, under what circumstances and by what method it should endeavor to secure consent.[15] Because a local agency is under no obligation to secure the copyright owner's consent, however, we hold that where a local agency invokes the Copyright Act as a basis to limit access to a public record to inspection only, the absence of consent by the copyright owner to duplication in response to a RTKL request should be presumed.

In examining the Commission's written submission to OOR and the accompanying affidavit of Mr. Williams of The Partnership CDC, we conclude that the Commission appropriately invoked the Copyright Act as a basis to limit access to the records at issue by redacting copyrighted information from the duplicates that it provided to Ali in response to his RTKL request. For the reasons set forth above, however, we reject OOR's determination to the extent that it concluded that the redacted information is exempt or nonpublic under the RTKL. There is material difference between an exempt and/or nonpublic record, which an agency is not required to provide access to at all under the RTKL, and a public and nonexempt record that may be subject to limited access under the RTKL. Copyrighted information falls into the latter category. The Copyright Act limits the level of access to a public record only with respect to duplication, not

---

[15] We can envision several ways in which a local agency could, if it wished, secure the consent of the copyright owner. The local agency could enact an ordinance which provides that an applicant seeking local agency approval authorizes duplication in response to a RTKL request of any materials submitted by the applicant as part of the approval process and/or must indemnify or hold the local agency harmless for any infringement action that may result from said duplication. Alternatively, the agency could seek waiver/indemnification at the time of the submission. As another option, the agency could seek waiver/indemnification from the copyright owner and/or the applicant once the agency receives a RTKL request that implicates copyrighted material.

22

inspection. The public record must, therefore, still be made available for inspection under the RTKL, allowing the public to scrutinize a local agency's reliance on or consideration of the copyrighted material.[16]

## C. Attorneys' Fees

Ali contends that he is entitled to an award of reasonable attorneys' fees and costs of litigation under Section 1304(a) of the RTKL. We disagree. Section 1304(a) of the RTKL provides:

> If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or
>
> (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of the law.

In support of his claim for attorneys' fees and costs under this section, Ali argues that "[t]he [Commission]'s denial of . . . Ali's right to know request on the basis of federal copyright law was patently unreasonable and in clear derogation of both the

---

[16] In a motion to dismiss filed on February 10, 2015, the Commission notified the Court that, subsequent to the filing of the appeal in this Court, The Partnership CDC gave its consent to the Commission to duplicate the copyrighted materials at issue in response to Ali's RTKL request. Accordingly, the Commission asked that we dismiss this appeal as moot. This Court denied the motion to dismiss by Order dated March 24, 2015, finding that "the issue presented here [is] likely to be repeated, [is] of continuing significance and [is] ripe for disposition."

23

federal copyright legal landscape and the expansive goals of the RTKL." (Ali Br. at 32.)

As noted above, we have rejected some of the Commission's legal arguments in support of its treatment of Ali's RTKL request. We have, however, also concluded that the Commission's legal position on a conflict between RTKL access and the Copyright Act was reasonable. Indeed, we have held that the Commission acted appropriately under Section 3101.1 of the RTKL when it redacted certain copyrighted information from the records it produced to Ali in response to his RTKL request. Moreover, we see nothing in the record to justify a finding that the Commission has acted in bad faith. We, therefore, reject Ali's contention that he is entitled to an award of statutory attorneys' fees and costs under Section 1304(a) of the RTKL.

### III. CONCLUSION

For the reasons set forth above, we will reverse the trial court's June 27, 2014 Order, to the extent it affirmed OOR's determination that copyrighted information in the possession of a local agency is exempt under Section 305(a)(3) of the RTKL or is nonpublic under Section 306 of the RTKL. Based on Section 3101.1 of the RTKL, we will affirm the trial court's June 27, 2014 Order, to the extent it held that the Commission acted appropriately in redacting copyrighted information from the duplicate records that it provided to Ali in response to his RTKL request. We also agree with the trial court that Ali is not entitled to an award of attorneys' fees in this matter.

_____
P. KEVIN BROBSON, Judge

24

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jihad Ali,                          :
                    Appellant      :
                                    :
            v.                      :   No. 1335 C.D. 2014
                                    :
Philadelphia City Planning Commission :

# **O R D E R**

AND NOW, this 1st day of October, 2015, the order of the Court of Common Pleas of Philadelphia County, affirming a decision of the Pennsylvania Office of Open Records, is hereby AFFIRMED in part and REVERSED in part, as set forth in the accompanying opinion.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jihad Ali,                        :

               Appellant       :

                         :

          v.                  :     No. 1335 C.D. 2014

                         :     Argued: May 6, 2015

Philadelphia City Planning Commission : 

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge

DISSENTING OPINION BY
PRESIDENT JUDGE PELLEGRINI           FILED: October 1, 2015

This case involves whether the City of Philadelphia may refuse to disclose certain reports submitted to the City's Planning Commission by the Partnership Community Development Corporation (Partnership CDC) regarding the development of the 60th Street Corridor (Corridor) for residential and commercial purposes. Even though this information was going to be considered by the City Planning Commission in its deliberations and recommendations regarding this Corridor, the City denied Ali's request submitted under the Right-to-Know Law (RTKL)[1] for information because the Partnership CDC had copyrighted portions of those reports.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–3104.

The issue in this case then is whether a person who seeks governmental approval of an action can foreclose the copying of information that it submits just because it decides to assert its copyright in the material.

The Federal Copyright Act provides copyright owners the "exclusive rights to do and to authorize" reproduction and distribution of their copyrighted works. 17 U.S.C. §106(1), (3). As the majority points out, unless the copyright holder has consented to duplication, the duplication of the copyrighted material under the RTKL carries the risk that the copyright holder will sue the local agency for infringement in federal court.[2]

However, reproduction and distribution by a third party "for purposes such as criticism, comment, … scholarship, or research[] is not an infringement of copyright;" and is, instead, a lawful and "fair use." 17 U.S.C. §107. This "fair use" doctrine is an equitable rule of reason and each case must be decided on its facts. A court must consider the purpose and character of the use, the nature of the copyrighted work, the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and the effect of the use on the potential market for or the value of the copyrighted work. *Twin Peaks Productions, Inc. v. Publications Int'l Ltd.*, 996 F.2d 1366 (2d Cir.1993). The scope of the doctrine is wider when the use relates to issues of public concern. *National Rifle Ass'n v. Handgun Control Federation*, 15 F.3d 559 (6th Cir.), *cert. denied*, 513 U.S. 815 (1994); *Consumers*

---

[2] 17 U.S.C. §412 allows damages to be received for copyright infringement, so long as the registration for the copyright occurs within three months of the publication of a work. The affidavit herein did not mention whether the copyright was registered within three months.

*Union of U.S., Inc. v. Gen. Signal Corp*., 724 F.2d 1044 (2d Cir. 1983), *cert. denied*, 469 U.S. 823 (1984). The public benefit resulting from the particular use of copyrighted work need not necessarily be direct or tangible, but may arise because the challenged use serves a public interest. *Sega Enterprises, Ltd. v. Accolade, Inc*., 977 F.2d 1510 (9th Cir.1992).

In this case, the Partnership CDC is not unaware of the underlying RTKL proceeding. In fact, it has filed an affidavit opposing the release of the information stating only that it holds a copyright on the materials as part of its proposed redevelopment project that were withheld, and that it would suffer competitive harm if the information was released. In essence, it contends that the material should not be released, let alone copied. However, it does not contend that the material should not be released because it does not fall within the fair use doctrine. That is not surprising, given that the information that it sought to protect from disclosure or copying is being used to seek governmental approvals, making any claim that it did not fall within the fair use doctrine spurious. Because the Partnership CDC does not contend that the materials do not fall within the fair use doctrine, I would hold that copying of the requested information is permitted for that reason alone.

However, I would go further. Under Section 302(a) of the RTKL an agency "shall provide public records in accordance with this act." 65 P.S. §67.302(a). Moreover, under Section 701(a), "[u]nless otherwise provided by law, a public record … shall be accessible for inspection and duplication in accordance with this act." 65 P.S. §67.701(a). The "otherwise provided by law" goes to where there

are other laws prohibiting the release of information such as tax returns. It does not apply to instances where a party can decide whether information can be released by copyrighting or refusing to allow copying a document on which it seeks official action. If that were so, a party, just by asserting its copyright could foreclose its duplication; it would have the effect of ceding control to a private party over what records involving an official action that an agency can disseminate.

Consequently, I would hold that when a party gives documents that are specifically prepared as part of an application or proposal to an agency to take action, then it is presumed to waive any copyright protection to the material regarding the right to access and duplication. If a party specifically claims copyright protection of the documents on which it seeks an agency action, I would hold that the agency cannot receive or use them in the consideration of any requested official action.

If we hold otherwise, we totally frustrate the purpose of the RTKL which is to promote access to government information in order to prohibit secrets, permit scrutiny of the actions of public officials, and make public officials accountable for their actions. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013).

Accordingly, I respectfully dissent.

_____
DAN PELLEGRINI, President Judge

DRP - 4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jihad Ali,                        :
            Appellant            :
                                 :   No. 1335 C.D. 2014
            v.                   :
                                 :   Argued: May 6, 2015
Philadelphia City Planning       :
Commission                       :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge


DISSENTING OPINION
BY JUDGE McCULLOUGH                        FILED: October 1, 2015


            I respectfully dissent from the Majority. The case has been mooted because the Partnership Community Development Corporation (PCDC) has withdrawn its objection to the request of Jihad Ali for the release of documents under the Right to Know Law (RTKL).[1] While this issue may arise in the future, there simply is no basis to conclude that when, or if, it does, the issue will evade review because an interested party waives its objection to release of the contested information. On the contrary, I do not believe that we should use a matter in which

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

there is no longer a case or controversy as a platform to dive into the intricacies of federal copyright law.

Nonetheless, because the Majority resolves the merits of this case on the basis of federal copyright law, I will discuss how we can dispose of the case on the basis of a straightforward application of the provisions of the RTKL. The Majority's decision does not consider that any application of the federal copyright law is not undertaken in a vacuum. Rather, we must first resort to the RTKL, for that is the basis of the OOR's jurisdiction in this matter. A review of the RTKL shows that a consideration of the request for documents in this case, and the defenses asserted thereto based on copyright exemptions, is subsumed within section 708(b) of the RTKL. Clearly then, as the issues have been presented to this Court on appeal, specifically that the documents contained within a proposal are exempt from disclosure based on copyright law, we must necessarily consider the applicable RTKL provisions.

In this case, Ali filed a request with the Philadelphia City Planning Commission (Commission) seeking "[a]ll public records in the possession of the [Commission] from 2003 to the present time relating to the revitalization and redevelopment of the 60[th] Street commercial corridor." (Trial court op. at 1.) The Commission granted in part, and denied in part, Ali's request. The Commission explained that certain responsive records, including plans, architectural drawings, renderings, and photographs, are subject to the copyright of the PCDC and must be redacted.

The Commission also noted that certain records, namely a financial statement and an operating budget, were being redacted as trade secret/confidential proprietary information. The Commission stated that it was advised by the PCDC

that these records contained confidential proprietary information, the release of which would cause substantial harm to its competitive position given that these records contain a model created by the PCDC for pricing and financing techniques relating to scattered site affordable housing. The Commission cited section 708(b)(11) of the RTKL, 65 P.S. §67.708(b)(11), which exempts a record that constitutes or reveals a trade secret or confidential proprietary information from access by a requester.

Ali appealed the partial denial to the OOR, which concluded that since the PCDC holds the copyright on certain records withheld by the Commission and the PCDC did not consent to the release of the same, it was precluded under section 305(a)(3) of the RTKL, 65 P.S. §67.305(a)(3), from ordering the release of records that would be exempt under any federal law. However, the OOR also concluded that the Commission had failed to meet its burden of establishing that the PCDC's financial statement and operating budget were exempt from disclosure as confidential proprietary information and, hence, directed the disclosure of the same without redaction. The Court of Common Pleas of Philadelphia County (trial court) thereafter denied Ali's further appeal.

However, the analysis by the OOR fails to consider that the documents in question were contained as part of a proposal even though this was clearly indicated as part of the record before it. Moreover, this consideration is necessarily a critical part of the OOR's review as the PCDC asserts copyright exemption to the materials in the proposal. In an affidavit submitted to the Office of Open Records (OOR), Steven Williams, Executive Director of the PCDC, stated that the PCDC submitted the documents in a record titled, "Affordable Rental Housing Development Proposal" relating to the revitalization and redevelopment

of the 60th Street commercial corridor in the City of Philadelphia. The RTKL clearly addresses proposals for construction/redevelopment projects.

PCDC asserted it is the holder of a copyright with respect to the documents contained within the proposal, i.e, architectural schematics, architectural drawings, maps, and artists' renderings that appear in the responsive documents.  Williams also stated that the requested records in the nature of a financial statement and operating budget, also submitted as part of the proposal, were confidential proprietary information of the PCDC, the disclosure of which would cause substantial harm to the PCDC's competitive position.[2]

The first question we must address is whether these documents qualify as a public record under section 102 of RTKL, which is defined as:

> A record, including a financial record, of a Commonwealth or local agency that:
>
> (1) is not exempt under section 708;
>
> (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or
>
> (3) is not protected by a privilege.

---

[2] Section 708(c) of the RTKL provides for the release of financial records, with limited redaction.  Specifically, this section states, in pertinent part, that "[t]he **exceptions set forth in subsection (b) shall not apply to financial records**, except that an agency may redact that portion of a financial record protected under subsection (b)(1), (2), (3), (4), (5), (6), (16) or (17)." These protections relate to, *inter alia*, the disclosure of records that would likely result in a risk of physical harm to or the personal security of an individual, jeopardize public safety or a criminal investigation, or reveal medical or personal identification information. The record does not indicate that PCDC raised any of these protections as a basis for exemption of the financial records.  The parties did not appeal the disclosure of the financial documents.

65 P.S. §67.102. Section 305(a) of the RTKL presumes that a record in the possession of a Commonwealth agency is a public record. 65 P.S. §67.305(a). Here, the proposal was submitted by the PCDC to the Commission for the award of a contract in a construction project and is in the possession of the agency. Clearly, the proposal is a public record. A public record must be disclosed upon request unless otherwise entitled to an exemption. The burden is on the local agency to prove that a record is exempt from public access. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1); *Heavens v. Pennsylvania Department of Environmental Protection*, 65 A.3d 1069, 1073 (Pa. Cmwlth. 2013).

We look to Section 708(b) of the RTKL, which sets forth certain exceptions for public records, providing, in relevant part, as follows:

> Except as provided in subsections (c) and (d), the <u>following are exempt</u> from access by a requester under this Act:
>
> . . .
>
> (26) A **proposal** pertaining to agency procurement or disposal of supplies, services or construction **prior to the award of the contract or prior to the opening and rejection of all bids**; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; or the identity of members, notes and other records of agency proposal evaluation committees established under 62 Pa.C.S. § 513 (relating to competitive sealed proposals).

65 P.S. §67.708(b)(26) (emphasis added). This section clearly exempts from disclosure a proposal pertaining to agency services or construction **prior to the award of the contract or prior to the opening and rejection of all bids**. Here, the proposal for the construction/redevelopment project was submitted in 2003 and the request was made in 2013 for all information pertaining to the project. While we could remand to have specific findings made concerning whether the PCDC was awarded the contract for the construction/redevelopment, it seems obvious that such is the case here. Because the project has been underway for years, and the contract was awarded, it is clear that the exemption granted to proposals no longer applies and the records are subject to full disclosure.

I recognize the Commission's and the PCDC's position that the documents, i.e., the architectural schematics, architectural drawings, maps, artists' renderings, financial statement, and operating budget, were subject to copyright and trade secret/proprietary information. However, proposals submitted for award of a contract for construction typically do contain such documents and the legislature clearly distinguished proposals of this nature from other intellectual property documents submitted to it.

Indeed, section 102 of the RTKL addresses intellectual property matters in general and defines such documents as follow:

> **"CONFIDENTIAL PROPRIETARY INFORMATION."**
> Commercial or financial information received by an agency:
>
> (1) which is privileged or confidential; and
>
> (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

. . .

> **"TRADE SECRET."** Information, including a formula, <u>drawing</u>, pattern, compilation, including a customer list, program, device, method, technique or process that:
>
>> (1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>>
>> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
>
> The term includes data processing software obtained by an agency under a licensing agreement prohibiting disclosure.

65 P.S. §67.102 (emphasis added).[3]   Hence, **drawings**, such as architectural drawings, artists' renderings, schematics, etc., submitted as part of a proposal for award of contract, which derive independent economic benefit by not being generally known and readily ascertainable by persons who can obtain economic value from its disclosure (i.e., competing contractors, architectural firms, etc.) would fall within the purview of this definition of trade secret.  Section 708(b)(11) of the RTKL specifically exempts "[a] record that constitutes or reveals a trade secret or confidential proprietary information."  65 P.S. §67.708(b)(11).  If the

---

[3] The definition of "trade secret" is derived from identical language contained in section 5302 of the Pennsylvania Uniform Trade Secrets Act (Trade Secrets Act), 12 Pa.C.S. §5302. This Court has recognized the Trade Secrets Act as a statutory exemption from disclosure under the RTKL. *See Commonwealth v. Eiseman*, 85 A.3d 1117 (Pa. Cmwlth.), *appeal granted*, 106 A.3d 610 (Pa. 2014); *Parsons v. Pennsylvania Higher Education Assistance Agency* (PHEAA), 910 A.2d 177 (Pa. Cmwlth. 2006).

analysis were to end here, the records would be exempt. However, the RTKL further addresses how requests for such documents are to be handled under section 707 of the RTKL, entitled "Production of certain records," which states, in pertinent part, as follows:

> (b) REQUEST FOR TRADE SECRETS. -- An agency shall **notify** a third party of a request for a record **if the third party** provided the record and **included a written statement signed** by a representative of the third party that the record contains a trade secret or confidential proprietary information. Notification shall be provided within five business days of receipt of the request for the record. The third party shall have five business days from receipt of notification from the agency to provide input on the release of the record. The agency shall deny the request for the record or release the record within ten business days of the provision of notice to the third party and shall notify the third party of the decision.

65 P.S. §67.707(b). Even under this provision, in order to receive notice of a request, the third party which provided the record must include with it a written, signed statement that the record contains trade secret or confidential proprietary information.

While the record does not indicate whether the PCDC included the necessary notification language in its proposal per section 707(b) of the RTKL, the Commission did notify them of the request. The PCDC initially objected to release of the records by asserting confidential proprietary information and copyright (in documents which fall within the trade secret definitions of the RTKL), but subsequently withdrew its objection. The federal courts have held that if by submitting a bid proposal to a government agency, a company is required to disclose confidential information, it is exempted from disclosure if it will cause substantial harm to the competitive position of the person from whom the

information was obtained. *National Parks & Conservation Association v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). However, here, the PCDC withdrew its objection, and with it any claim that release of the information would cause substantial harm. Hence, this renders the appeal moot, as these records are clearly subject to disclosure.

Because these public records were submitted as part of a proposal for construction, we are also guided by the RTKL's specific provision addressing the same. The legislative intent is clear that proposals for construction are to be specifically and separately addressed under section 708(b)(26) of the RTKL. In other words, public records that contain information which is subject to trade secret or other proprietary information, which by definition includes copyright materials, once submitted in a proposal to a Commonwealth or local agency for consideration for a contract for construction/redevelopment, must also be viewed under section 708(b) of the RTKL.

Specifically, under section 708(b)(26) of the RTKL, the PCDC's proposal, including its architectural schematics, architectural drawings, maps, and artists' renderings, would have been exempt from disclosure before award of the contract, but, since the contract was awarded and the PCDC withdrew its objection to release of the records, they are now subject to disclosure. Additionally, I note that section 708(b)(22) of the RTKL, 65 P.S. §67.708(b)(22), also contains an exemption for the content of real estate appraisals, engineering or feasibility estimates, environmental reviews, audits or evaluations relating to construction projects, and similarly provides in section 708(b)(22)(ii), 65 P.S. §67.708(b)(22)(ii), that the exemption no longer applies once the decision is made to proceed with the construction project.

Notwithstanding the mootness of this appeal, the intent of the legislature is clear. Proposals for award of construction/redevelopment contracts are public records subject to exemption before the contract is awarded, but once the contract is awarded, these public records are subject to full disclosure unless otherwise specifically exempted. Here, the PCDC's proposal was submitted to the Commission for consideration for a construction project in the City of Philadelphia. Now, in light of PCDC's withdrawal of the objection to release of the information, and more than ten years after submission of the proposal and development of the project, these records are clearly subject to full disclosure under the RTKL.

Accordingly, I would first hold that the appeal was moot, but in the alternative I would vacate the order of the trial court and remand, with specific instructions to remand to the OOR, to fully consider whether the requested records, which included materials submitted as part of a proposal, constitute a "public record" under sections 102 and 708(b) of the RTKL.

_____
PATRICIA A. McCULLOUGH, Judge