DISSENTING OPINION BY
JUDGE McCullough
I respectfully, dissent from the Majority’s thoughtful resolution of the narrow issue presented on appeal: whether section 9111 of the Public-Private Transportation Partnership Law (P3 Law),[1] 74 Pa.C.S. § 9111,[2] exempts from disclosure the proposals of unsuccessful bidders made in *432 connection with a bridge project, after the Department of Transportation (Department) awarded the contract. The Majority concludes that section 9111 shields this information from public inspection.
The objective of the Right-to-Know Law (RTKL)[3] “is to empower citizens by affording them áccess to information concerning the activities of their government ..., [T]he enactment of the RTKL in 2008 was a dramatic expansion of the publics’ access to government documents.” Levy v. Senate of Pennsylvania, 619 Pa. 586, 65 A.3d 361, 381 (2013) (citation and internal quotation marks omitted). “Whereas before a requester had the burden to prove that documents should be disclosed, the RTKL presumes documents in the possession of an agency are public records subject to disclosure, unless protected by a specific exception.” Levy, 65 A.3d at 381 (citation omitted).
Pursuant to section 305(a)(3) of the RTKL, a record in the possession of a Commonwealth agency “shall be presumed to be a public record” unless “the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.” 65 P.S. § 67.305(a)(3)-.[4] “In order to constitute an *433 exemption under Section 305(a)(3) of the RTKL, the ... statute must expressly provide that the record sought is confidential, private, and/or not subject to public disclosure.” Ali v. Philadelphia City Planning Commission, 125 A.3d 92, 100 (Pa. Cmwlth. 2015) (en banc) (emphasis added).
Section 9111(1) of the P3 Law states that “the final proposal” of the successful bidder (or “development entity selected”) “shall be made public,” but also states that certain financial information submitted by the successful bidder “shall not be subject to public inspection.” 74 Pa.C.S. § 9111(1).[5] As the Majority concedes, this provision of the P3 Law pertains to the proposal and financial information of the successful bidder—and that bidder only—after a contract has been awarded. Maj. op. at 426-27, 430-31.
Importantly, section 9111 of the P3 Law is silent as to whether the proposals of unsuccessful bidders are public or nonpublic records after a contract has been awarded: the statute voices no view, makes no suggestion either way, and can only be considered as omitting the topic entirely. As a natural result of this void, section 9111 of the P3 Law does not in any linguistic manner exempt from disclosure the proposals of the unsuccessful bidders. The Majority’s determination that the P3 Law renders the proposals of the unsuccessful bidders untouchable requires adding language into section 9111 of the P3, which is “contrary to the established precept that it is improper for this Court to supply legislative omissions.” Karoly v. Mancuso, 619 Pa. 486, 65 A.3d 301, 309 n.7 (2013). Tellingly, “it is not for the courts to add, by interpretation to a statute, a requirement which the legislature did not see fit to include.” Martin v. Department of Transportation, Bureau of Driver Licensing, 588 Pa. 429, 905 A.2d 438, 443 (2006). Given the absence of language in section 9111(1) of the P3 Law prohibiting disclosure of the unsuccessful bidders’ proposals, I cannot agree with the Majority,
As the Majority posits: “the issue in this case is whether Section 9111 of the ’[P3 Law] exempts unsuccessful proposals from disclosure because it only specifically provides for the disclosure of the successful proposal^]” Maj. op. at 426-27 (emphasis added). A statute which explicitly says that one record is subject to public disclosure (i.e., the proposal of the successful bidder), but is silent regarding another record (i.e., the proposals of the unsuccessful bidders) should not be interpreted to say that the second and unmentioned record is not subject to disclosure. Stated differently, the Majority relies solely upon statutory silence, i.e., the proposal of the successful bidder is explicitly diselosable; ergo, by implication, the proposals of the unsuccessful bidders are not diselosable.
Section 9111(1) of the P3 Law says nothing about the public nature of the proposals of the unsuccessful bidders. When a statute does not speak of a particular record or document, then it does not “expressly provide that the record sought is confidential, private, and/or not subject to public disclosure.” Ali, 125 A.3d at 100. If the General Assembly wanted to shield from disclosure the proposals of the unsuccessful bidders, it “could have done so, and it may -even have intended to do so, but it did not do so.” Commonwealth v. Shafer, 414 Pa. 613, 202 A.2d 308, 312 (1964). It is an established precept that “[a] court has no power to insert words into statutory provisions where the legislá- *434 ture has failed to supply them.” Amendola v. Civil Service Commission of Crafton Borough, 139 Pa.Cmwlth. 76, 589 A.2d 775, 777 (1991). Because there is no language in the P3 Law exempting from disclosure the proposals of the unsuccessful bidders after a contract has been awarded, I would conclude that the presumption of public access conferred by section 305(a)(3) of the RTKL stands intact and these records are disclosable.
The Majority states that disclosure would require the Court to “incorporate into Section 9111 of the P3 Law, which was enacted after the RTKL, Section 708(b)(26) of the RTKL,” and that “the public access to records contained in Section 9111 of the P3 Law are separate and distinct from the RTKL,” dubbing the RTKL as “open ended” and denoting the P3 Law as “closed-ended.” Maj. op. at 430.
The RTKL is the preeminent statute regarding the public’s requests to access public records. See Levy, 65 A.3d at 381. First and foremost, the RTKL mandates that “[a] record in the possession of a Commonwealth agency ... shall be presumed to be a public record.” Section 305(a) of the RTKL, 65 P.S. § 67.305(a). By its very terms, section 305(a)(3) of the RTKL acknowledges that there are other statutes that dictate the confidential or non-public nature of a document and incorporates, through reference, those statutes into its scheme, providing a basis for an exemption from disclosure and nullifying the presumption that a record is a public record. See 65 P.S. § 67.305(a)(3). However, as explained above, section 9111(1) of the P3 Law provides for no such exemption in this case.
Moreover, section 708(b)(26) of the RTKL, 65 P.S. § 67.708(b)(26), and section 9111 of the P3 Law are entirely consonant. The former says that, in general and subject to other exemptions, proposals are exempt from disclosure until the contract is awarded, while the latter provides for disclosure only after a contract has been awarded and expounds upon some additional exemptions. See 65 P.S. § 67.708(b)(26) (exempting “[a] proposal pertaining to agency procurement or disposal of supplies, services or construction prior to the uwosrd of the contract or prior to the opening and rejection of all bids”) (emphasis added); 74 Pa.C.S. § 9111(1) (stating that the “final proposal” of the “development entity selected ... shall be made public.”); 74 Pa.C.S. § 9111(4) (providing that certain information, such as trade secrets and the like, “shall not be public.”). To the limited extent that section 9111(4) of the P3 Law contains exemptions that are not duplicitous of those in the RTKL, these exemptions, in turn, are incorporated into the RTKL via section 305(a)(3) of the RTKL and can serve as a basis for non-disclosure.
There is no conflict between the RTKL and the P3 Law, and the two can be construed and applied in unison. See Section 1932(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(b) (“Statutes in pari materia shall be construed together, if possible, as one statute.”). The Majority essentially allows section 9111 of the P3 Law to abrogate or supersede the RTKL and act as its own statutory scheme when it comes to the disclosure of public records. Absent an overt expression of unmistakable language and intent, I do not believe that the General Assembly, in enacting the P3 Law, intended to displace the RTKL. In addition, the bidding processes of the Procurement Code[6] and the P3 Law as well as the RTKL are clear.
*435 For these reasons, I respectfully dissent. Unlike the Majority, I would affirm the final determination of the Office of Open Records specifically upholding its -conclusion that the proposals of the unsuccessful bidders are disclosable.

. 74 Pa.C.S, §§ 9101-9124.

. In its entirety, this section states:
(1) Upon the selection of a development entity to be a party to a public-private transportation partnership agreement, the identity of the development entity selected, the contents .of the response of the development entity to the request for proposals, the final proposal submitted by the develop *432 ment entity and the form of the public-private transportation partnership agreement shall be made public. Any financial information of a development entity that was requested in the request for proposals or during discussions and negotiations to demonstrate the economic capability of a development entity to fully perform the requirements of the public-private transportation partnership agreement shall not be subject to public inspection.
(2) A proprietary public and a private development entity may agree, in their discretion, to make public any information described under paragraph (1) that would not otherwise be subject to public inspection.
(3) If a proprietary public entity terminates a public-private transportation partnership agreement for default, rejects a private entity on the grounds that the private entity is not responsible or suspends or debars a development entity, the private entity or development entity, as appropriate, shall, upon written request, be provided with a copy of the information contained in the file of the private entity or development entity maintained by the proprietary public entity under a contractor responsibility program.
(4) The following information shall not be public:
(i) Information relating to proprietary information, trade secrets, patents or exclusive licenses, architectural and engineering plans and information relating to competitive marketing materials and strategies.
(ii) Security information, including risk prevention plans, detection and countermeasures, emergency management plans, security and surveillance plans, equipment and usage protocols and countermeasures.
(iii)Records considered nonpublic matters or information by the Securities and Exchange Commission under 17 CFR 200.80 (relating to commission records and information).
' (iv) Any financial information deemed confidential by the proprietary public entity upon a showing of'good cause by the offer- or or development entity..
(v) Records prepared or utilized to evaluate a proposal.
74 Pa.C.S. § 9111 (emphasis added). A "[d]e-velopment entity” is defined, in relevant part, as ”[a]n entity which is a party to a public-private transportation partnership agreement,” and a "[pjublic-private transportation partnership agreement” is “[a] contract for a transportation project which transfers ... a transportation facility by a public entity to a development entity for a definite term during which the development entity will provide the transportation project to the public entity in return for the right to receive all or a portion of the revenue generated from the use of the transportation facility, or other payment

. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

. See also section 306 of the RTKL, 65 P.S. § 67.306 (stating that "[njothing in the [RTKL] shall supersede or modify the public or nonpublic nature of a record or document established in Federal or State law, regulation or judicial order or decree.”).

. The P3 Law also contains a list of other information that "shall not be public,” including trade secrets and the like, but this section is neither applicable nor informative in resolving the issue at hand. See 74 Pa.C.S. § 9111(4).

. 62Pa.C.S.§§ 101-2311.